[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15779
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-00815-AT

ROBERT JOE MCBRIDE,
WESTERN EXPRESS, INC.,

Plaintiffs - Appellees,

versus

MARCUS MCMILLIAN,

Defendant - Appellant,

THE ATLANTA ORTHOPAEDIC SURGERY CENTER, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 13, 2017)

Before MARTIN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant challenges the district court's discharge of interpleader Plaintiffs from action and entry of a permanent injunction in Plaintiffs' favor. Concluding that Plaintiffs deposited the proper amount of money with the court and that the district court did not abuse its discretion in granting Plaintiffs' request for a permanent injunction, we **AFFIRM**.

## I.  BACKGROUND

Defendant Marcus McMillian ("McMillian") was awarded a $264,600 judgment against Plaintiffs Robert McBride and Western Express ("Plaintiffs") on March 4, 2015, following a jury trial. Claiming that lawyers, medical providers, and others have liens on or competing claims to the judgment, Plaintiffs brought an interpleader complaint against McMillian and those who assert, or who could assert, claims to the judgment funds. Plaintiffs brought the claim under both 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. They also sought a permanent injunction under 28 U.S.C. § 2361 and Federal Rule of Civil Procedure 65 to restrain future proceedings against the judgment funds outside of the interpleader action.

The district court granted Plaintiffs' motion to deposit the judgment funds with the court. The district court also issued a temporary restraining order against

2

McMillian preventing him from executing on the judgment, and later a preliminary injunction to preserve the status quo while the court decided how to allocate the funds.  In support of their motion for a preliminary injunction, Plaintiffs submitted a supplemental brief, which included a chart with the amount of money claimed against the judgment by each individual or entity, which amount totaled $531,970.88.  As this was over twice the judgment amount, Plaintiffs argued they were exposed to multiple liability to those who claimed an interest in the judgment.

In his answer to the complaint, McMillian—acting *pro se* in this case—admitted that the complaint arose from a tort judgment of $264,600, and asked the court to award him the full judgment amount and all accrued interest.  Plaintiffs moved to permanently enjoin proceedings against them concerning the judgment funds and to be dismissed from the action, arguing that they had deposited the required amount with the court and had otherwise satisfied the statutory requirements of an interpleader action.

McMillian subsequently amended his answer, adding a defense that stated he rejected Plaintiffs' claims "in the amount of liability exposed and coverage relative to its policy," as well as changing his prayer for relief to cover the "entire proceeds apparent and inherent from the judgment."  McMillian also responded to Plaintiffs' motion for a permanent injunction and discharge, arguing that Plaintiffs could not be discharged from the action because they did not post the correct amount with

3

the court.  McMillian claimed the proper deposit amount is the full limit available under Plaintiff's relevant insurance policy, which McMillian claims is $4,500,000, rather than simply the judgment amount.

On November 4, 2015, the district court found that Plaintiffs had met the statutory requirements for an interpleader action and were entitled to be dismissed. The court stated that McMillian had no legitimate claim to any amount of money beyond the amount of the judgment entered—which was all that McMillian had initially claimed—so no higher deposit amount was required.  The court also granted a permanent injunction against McMillian and the other claimants, preventing them from bringing any actions against Plaintiffs concerning the judgment funds.

McMillian filed a motion to reconsider on November 30, arguing that the dismissal and injunction were improper because Plaintiffs did not deposit the correct amount with the court.  The district court rejected McMillian's motion. The court explained that because this was not a case in which an insurance company was seeking to determine who was entitled to insurance policy proceeds, the limits of any insurance policy held by Plaintiffs was irrelevant.  The court further noted that the only pool of money at issue was the judgment, and that the amount of the judgment was not disputed, so McMillian failed to show why he was entitled to anything else.

McMillian appealed the November 4 order on December 29, 2015.

Plaintiffs moved to dismiss the appeal as untimely, but a panel of this Court denied

that motion and noted as well that diversity-based subject matter jurisdiction

existed in this case.  On appeal, McMillian addresses only Plaintiffs' action under

statutory interpleader.  *See* 28 U.S.C. §§ 1335, 2361.

## II.  DISCUSSION

### A.  Standard of Review

We review the district court's decision to grant relief to an interpleader

plaintiff for an abuse of discretion.  *See Zelaya/Capital Int'l Judgment, LLC v.

Zelaya*, 769 F.3d 1296, 1300 (11th Cir. 2014) (reviewing under an abuse-of-

discretion standard the district court's order allowing judgment debtor to deposit

disputed funds into the court's registry); *Auto Parts Mfg. Mississippi, Inc. v. King

Const. of Houston, L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015), *cert. denied sub nom.

Noatex Corp. v. Auto Parts Mfg. Mississippi Inc.*, 136 S. Ct. 330 (2015) ("We

review the district court's grant of injunctive relief in an interpleader action for

abuse of discretion.").

### B.  McMillian's Challenge to Discharge and Permanent Injunction

Interpleader allows a party who holds money claimed by multiple adverse

claimants "[to] avoid[] multiple liability by asking the court to determine the

asset's rightful owner." *In re Mandalay Shores Co-op. Hous. Ass'n, Inc.*, 21 F.3d

5

380, 383 (11th Cir. 1994).  The party holding the funds "typically claims no interest in [the] asset and does not know the asset's rightful owner."  *Id.*  A plaintiff can initiate a statutory interpleader action when two or more adverse claimants of diverse citizenship assert claims to funds worth $500 or more, and the plaintiff deposits the funds with the court.  28 U.S.C. § 1335.  The court can entertain a interpleader action even if the plaintiff does not deposit the full amount claimed, so long as "the full amount of the specific 'fund'" in dispute is deposited with the court.  *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 n.2 (5th Cir. 1976).[1]  Once the plaintiff deposits the funds with the court, "all legal obligations to the [] claimants are satisfied," and the court enters "a discharge judgment on behalf of the [plaintiff]."  *In re Mandalay Shores*, 21 F.3d at 383; *see* 28 U.S.C. § 2361.  The district court also has the authority to enter a permanent injunction to restrain all claimants from instituting any proceeding against the interpleader plaintiff concerning the *res* of the interpleader action.  28 U.S.C. § 2361; *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 534 (1967) (noting the purpose of enjoining suits under § 2361 is to protect the interpleader plaintiff from "vexatious and multiple litigation").

McMillian contends that the district court erred in discharging Plaintiffs from the action because Plaintiffs did not deposit enough money with the court.

---

[1]  This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

McMillian also argues that the district court improperly granted the injunction because it failed in its order to apply the standard four-factor test governing the granting of permanent injunctions.  Neither argument is persuasive.

McMillian has not shown that the amount of the judgment is disputed, nor that he is entitled to any amount greater than the $264,600 judgment, plus interest, that has been deposited with the court.  Indeed, McMillian himself initially admitted that he was only seeking the amount of the judgment.  By claiming the full limits available under Plaintiffs' insurance coverage and calling for that amount to be deposited with the court, McMillian attacks the underlying judgment as inadequate and seeks to enlarge his recovery.  This he simply cannot do in this proceeding.  To the extent that the amount of the liens and claims against the judgment exceeds the funds available—which is the case because McMillian claims entitlement to the entirety of the judgment—it is an issue between McMillian and the other claimants, because it is McMillian who is liable to those individuals.  That McMillian may owe money to these claimants does not warrant increasing the amount of money awarded to him in the judgment against Plaintiffs, the extent of which already has been established as the judgment amount.  Plaintiffs have deposited with the court the correct amount of funds, and so were properly discharged from this action.  *See In re Mandalay Shores*, 21 F.3d at 383.

7

Though McMillian argues the district court erred by not laying out the four-factor test for applying a permanent injunction,[2] he only specifically argues that Plaintiffs' "poor claims handling, misconduct[,] and misrepresentation[] would prevent a showing of success on the merits." The district court considered Plaintiffs' allegedly unsavory behavior towards McMillian in his efforts to collect on the judgment when declining to award Plaintiffs their attorney's fees, but recognized that the undisputed existence of attorney's and physician's liens on the judgment nevertheless permitted an interpleader action under the statute. We therefore find no abuse of discretion in the district court's grant of a permanent injunction in Plaintiffs' favor.

## III.  CONCLUSION

An interpleader plaintiff is entitled to discharge from the interpleader action if he meets the statutory requirements for interpleader under 28 U.S.C. § 1335, which includes depositing the disputed funds with the court. The district court also has the discretion to enter a permanent injunction against any interpleader defendants to restrain them from taking further actions against the plaintiff. Because Plaintiffs met the statutory requirements for interpleader by properly

---

[2] It is questionable whether we should even consider this argument. This Court generally will not consider an issue raised for the first time on appeal, except under special circumstances, *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004), which we conclude do not apply in this case. McMillian did not attack the district court's application of the permanent injunction standard in his motion for reconsideration, and so he raises this issue for the first time on appeal.

8

depositing the full amount of required funds, the district court had the authority to discharge Plaintiffs from this action and to enter a permanent injunction restraining further actions against Plaintiffs regarding the judgment proceeds in dispute.  The district court did not abuse its discretion in discharging Plaintiffs or granting the injunction, so the district court's order is **AFFIRMED**.